UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 13-21633 |
| Stephen J. Meyer III, | ) | Hon. Eugene R. Wedoff |
| | ) | Hearing Time: April 30, 2014 |
| Debtor. | ) | Hearing Date: 10:00 a.m. |

COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION

Name of Applicant:              Joseph A. Baldi, Trustee

Authorized to Provide
Professional Services to:       Estate

Date of Order Authorizing
Employment:                     May 24, 2013

Period for Which
Compensation is sought:         July 19, 2013 to Close of Case

Amount of Fees sought:          $1,285.17

Amount of Expense
Reimbursement sought:           $0.00

This is an:    Interim Application __    Final Application  _X_

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is: $0.00  .

Dated: April 3, 2014                        Joseph A. Baldi, Trustee of the Estate of
                                            Stephen J. Meyer, III, Debtor

                                            By:  ___/s/ Joseph A. Baldi, Trustee_____
                                                 Joseph A. Baldi, Trustee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 13-21633 |
| Stephen J. Meyer III, | ) | Hon. Eugene R. Wedoff |
| | ) | Hearing Date: April 30, 2014 |
| Debtor. | ) | Hearing Time: 10:00 A.M. |

**Application for Allowance and Payment of
Final Compensation of Joseph A. Baldi, as Trustee**

Joseph A. Baldi, not personally but solely as trustee ("Trustee") of the estate ("Estate") of Stephen J. Meyer III, debtor ("Debtor"), pursuant to sections 326 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order allowing and authorizing payment to Trustee of $1,285.71 as final compensation for his services rendered as trustee in this case from the date of his appointment through the close of this case. In support thereof, Trustee states as follows:

**Introduction**

1. This case was commenced on May 24, 2013 by the filing of a voluntary petition for relief under chapter 7 of the Code. Joseph A. Baldi is the duly appointed, qualified and acting chapter 7 trustee in this case.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The sole asset of the Estate is an interest in a class action lawsuit against debtor's former employer, Allstate Insurance Company.

4. The bar date for filing claims in this case was February 19, 2014.

**Prior Compensation**

5. This is the first and final application ("Application") for allowance of compensation filed by Trustee in this case.

6. Trustee has not previously received or been promised any payments for services rendered or to be rendered in this case except as set forth above.

### Services Rendered by Trustee

7. Since his appointment, Trustee has performed actual, necessary and valuable services on behalf of the Estate with a total value of $1,285.17. Itemized billing statements describing the Trustee's services from the commencement of this case through the close of the case are attached hereto as Exhibit A. Those services rendered by Trustee since his appointment in this case include but are not limited to the following:

    A. Trustee analyzed debtor's schedules, investigated debtor's interest in a class action lawsuit against his former employee, and  . Furthermore, Trustee negotiated with the debtor's a settlement of the estate's interest in the debtor's vehicles;

    B. Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate;

    C. Trustee set up and maintained a computerized case management system for the Estate in order to efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities;

    D. Trustee otherwise administered this Estate and directed the allocation, liquidation and distribution of assets to creditors herein.

### Funds Collected and Disbursed by Trustee

8. Trustee has collected the sum of $5,357.14 on behalf of the Estate. Trustee has made $0.00 in disbursements in this case as of the date hereof.

9. A copy of the *Form I Individual Estate Property Record and Report* showing the disposition of the assets of this Estate is attached to Trustee's Final Report as Exhibit B.

## Compensation Requested

10. During the period covered by this Application, Trustee has spent 6.50 hours rendering services on behalf of this Estate with a value of $1,332.50. Trustee estimates that he will spend an additional three (3) hours rendering services with a value of $525.00 to obtain approval of the final report, make a final distribution to creditors, and prepare and file his final account. In addition to the amounts requested for services previously rendered, Trustee also seeks allowance and payment of compensation for the services he will render in order to close this case.

11. The maximum compensation allowable to Trustee pursuant to section 326 of the Code, based upon the receipts and disbursements listed above, is $1,285.17 as follows:

| | |
|---|---|
| 25% of the first $ 5,000 | $1,250.00 |
| 10% of the next $45,000 | $   35.17 |
| Total allowable compensation | $1,285.17 |

12. Based upon the caliber of the services rendered by Trustee and the results achieved in this case, Trustee requests allowance and payment of final compensation for his services rendered as trustee in this case in the amount of $1,285.17. This amount represents reasonable compensation for the services rendered by Trustee and is equal to the maximum compensation allowable as set forth in paragraph 11 above.

13. An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Joseph A. Baldi, as trustee, is attached hereto as Exhibit B.

14. Trustee requests that the compensation requested herein be paid from the Estate funds in his possession.

## Status of the Case

15. The Trustee has liquidated or abandoned all of the assets belonging to this Estate and completed his review and analysis of the claims filed against the Estate.

16. Trustee has completed and filed his Final Report simultaneously herewith.

WHEREFORE, Joseph A. Baldi, as trustee of the Estate Stephen J. Meyer III, debtor, requests the entry of an order providing the following:

A. Allowing and authorizing payment to Trustee of final compensation in the amount of $1,285.17 for his actual and necessary professional services rendered and to be rendered on behalf of this Estate; and

B. For such other and further relief as this Court deems appropriate.


Dated:  April 3, 2014                    Joseph A. Baldi, as trustee of the estate
                                         of Stephen J. Meyer III, debtor



                                  By:_____/s/ Joseph A. Baldi, trustee_____
                                         Joseph A. Baldi, trustee

Joseph A. Baldi
Baldi Berg, Ltd.
20 North Clark Street, Suite 200
Chicago, IL  60602
(312) 726-8150

4

**Trustee's Itemized Billing Statements**

**Exhibit A**

**Baldi Berg, Ltd.**
20 N. Clark Street
Suite 200
Chicago, IL 60602

**Phone:** (312) 726-8150
**Fax:** (312) 470-6323

**FEIN:** 36-4352753

**Invoice submitted to:**

March 18, 2014
Invoice No:   02418

Joseph A. Baldi, trustee
Baldi Berg, Ltd
20 N. Clark Street, Suite 200
Chicago, IL 60602

**In Reference to:**   *Meyer, Stephen - Trustee*

**Professional Services**

| Date | Staff | Description | Hours | Charges |
|---|---|---|---|---|
| 7/19/2013 | JDL | TC to EEOC re: involvement in Class Action Lawsuit v. Allstate Insurance Co. | 0.30<br>$250.00/ hr | $75.00 |
| 7/31/2013 | JDL | Cf w/ JAB re: status of case. (.3) Draft letter to debtor's counsel requesting more info on EEOC case involving debtor (.6) | 0.90<br>$250.00/ hr | $225.00 |
| 9/04/2013 | JDL | TC and email to Debtor's Counsel requesting further information | 0.30<br>$250.00/ hr | $75.00 |
| 9/06/2013 | JDL | Review information from debtor's attorney re: EEOC claim (.1) TC to Grace Warzek at EEOC requesting info (.1) | 0.20<br>$250.00/ hr | $50.00 |
| 9/09/2013 | JDL | Respond to email from debtor's attorney re: status of EEOC claim. | 0.10<br>$250.00/ hr | $25.00 |
| 9/12/2013 | JDL | Email to Debtor's Counsel re: potential payment on claim | 0.10<br>$250.00/ hr | $25.00 |
| 2/06/2014 | JDL | Email to Debtor's Counsel re: status of EEOC claim and payment. (.1) Confirm that claims have been filed (.1) | 0.20<br>$250.00/ hr | $50.00 |

**Baldi Berg, Ltd**                                                                                    3/18/2014

Meyer, Stephen - Trustee                                                                         Page    2

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 2/17/2014 | JDL | Email to Debtor's Counsel to follow up on status of claim | 0.10 $250.00/ hr | $25.00 |
| 2/26/2014 | JDL | Email to Debtor's Counsel re: status of EEOC case. | 0.10 $250.00/ hr | $25.00 |
| 3/03/2014 | JMM | Obtain EIN from IRS (.1), Open new bank account with Associated Bank (.1), Deposit Check into TCMS (.1), Send Check to Congressional via FedEx (.1) | 0.40 $175.00/ hr | $70.00 |
| 3/03/2014 | JDL | Respond to email from Debtor's counsel re: check received by Debtor and funds mailed to Trustee (.1) Cf w/ JMM and JAB re: claims bar date has passed, opening file, check in route. (.2) | 0.30 $250.00/ hr | $75.00 |
| 3/04/2014 | JMM | Review claims and update system with information needed to prepare TFR and NFR (.4), Review case file information in preparation of TFR and related documents (.2) | 0.60 $175.00/ hr | $105.00 |
| 3/18/2014 | JMM | Draft Trustee Fee Application (1.2); Prepare coversheet, proposed order and affidavit (.3), Prepare TFR (.7) and NFR (.3), Review and edit Trustee Final Report Package (.4) | 2.90 $175.00/ hr | $507.50 |

|  |  |
|---|---|
| Total Fees | $1,332.50 |
| Total New Charges | $1,332.50 |
| Previous Balance | $0.00 |
| Balance Due | $1,332.50 |

**Timekeeper Summary**

| Name | Hours | Rate |
|---|---|---|
| Julia D Loper | 2.60 | $250.00 |
| Jason M Manola | 3.90 | $175.00 |
|  | 6.50 |  |

**Rule 2016 Affidavit**

Exhibit B

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Stephen J. Meyer III, | ) | Chapter 7 |
| | ) | |
| | ) | Case No. 13-21633 |
| Debtor. | ) | |
| | ) | Hon. Eugene R. Wedoff |

**Trustee's Affidavit Pursuant to Rule 2016**

State of Illinois   )
County of Cook   )

I, Joseph A. Baldi, being first duly sworn upon oath, do depose and state as follows:

1. I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2. I have read the First and Final Application for Allowance and Payment of Compensation of Joseph A. Baldi as trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services set forth and described in the Application.

3. I have not entered into any agreement with any other person or persons for the sharing of compensation received or to be received for services rendered in connection with this matter, except among the principals and associates of Baldi Berg, Ltd. a law firm at which I was employed during the pendency of this case. I have not previously received payment of any compensation for services rendered in connection with this case.

4. Further affiant sayeth naught.

_____
Joseph A. Baldi

Subscribed and Sworn to before me
on March 21, 2014

_____
Notary Public

OFFICIAL SEAL
JASON M MANOLA
Notary Public - State of Illinois
My Commission Expires Nov 1, 2015

**Exhibit B**